### GREENSPON v. PARKE, DAVIS & CO.

United States District Court
S. D. New York.

Sept. 16, 1948.

Bartlett, Eyre, Keel & Weymouth, of New York City, for plaintiff.

Emery, Varney, Whittemore & Dix, of New York City, for defendant.

RIFKIND, District Judge.

Issue in this case was joined on January 17, 1947; laches was pleaded as a defense. Defendant now moves for summary judgment on affidavits supporting the plea. I cannot say that the defense is established beyond the "slightest doubt". Hence, summary judgment must be denied.

Alternatively, defendant moves for a separate trial of the issue of laches. Rule 42(b), Federal Rules Civil Procedure, 28 U.S.C.A., authorizes such a procedure. 28 U.S.C.A. § 398,[1] cited by defendant is no longer part of the Code. Such a motion raises issues of convenience for court and litigants. Had such a motion been made promptly after the joinder of issue I would have regarded it more favorably. It might have saved considerable effort on part of all concerned. At this late date, after interrogatories have been answered, depositions taken and the case is almost ready for trial, I see no sufficient advantage in such a piecemeal trial of the issues of the case. It is not a sufficient answer to this that defendant's motion is founded upon the evidence uncovered in the pre-trial proceedings. Substantially, all of the evidence defendant relies on for its motion for summary judgment consists of written correspondence. In any event, the alternative motion does not call for such evidentiary support.

The alternative motion is, therefore, likewise denied.

---

[1] Judicial Code of 1911, § 274b, added by Act March 3, 1915, ch. 90, 38 Stat. 956, omitted from the 1948 Judicial Code.