Giovanni **CAMPANILE**, Plaintiff,

v.

**SOCIETA G. MALVICINI**, Officine Meccaniche Riparazioni Navivapori and **J. H. Winchester and Co.**, Defendants.

United States District Court
S. D. New York.

Feb. 18, 1959.

Alvin I. Apfelberg, New York City, for plaintiff, Louis Bloch, New York City, of counsel.

Zock, Petrie, Sheneman & Reid, New York City, for defendants, Edwin K. Reid, New York City, of counsel.

DAWSON, District Judge.

This is a motion for an order and judgment dismissing the complaint on the ground that it is barred by the Three-Year Statute of Limitations of the State of New York, and on the further ground of laches in that the action was not commenced until approximately three and a quarter years from the date of the alleged accident.

The complaint shows that the action is one brought by a longshoreman who claims that on the 15th day of July, 1955, he was injured while working on board a vessel owned by the defendants, as a result of negligence and as a result of the unseaworthy condition of the vessel. The complaint was filed on November 21, 1958, more than three years after the date of the accident. The accident took place when the vessel was moored in the harbor of New York within the State of New York. Since this action was brought in a district court of New York the limitation statutes to be referred to are clearly those of New York. Redman v. United States, 2 Cir., 1949, 176 F.2d 713.

The gravamen of this motion is that the Jones Act, 45 U.S.C.A. § 56, places a three-year limitation on actions of this kind, and, likewise New York has a three-year statute of limitations for actions in negligence. Civil Practice Act, § 49. In addition to the allegations under the Jones Act and New York law for negligence, plaintiff has combined an action for unseaworthiness which is basically a contract action having a six-year statute of limitations in New York.

The basic issue which this Court must determine is where an action for unseaworthiness is combined with an action for negligence under the Jones Act, 46

U.S.C.A. § 688, and this latter action is barred by time limitations, does the action for unseaworthiness fall, or can the action for unseaworthiness save the time-barred action?

The controlling decision in this circuit is Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689, 691, a suit for personal injuries suffered by a longshoreman while loading a ship. Libellant sought recovery on both negligence and unseaworthiness. The district court dismissed the libel on the grounds of negligence, stating that the three-year limitation period had run. The Court of Appeals held that since the claim was based on both negligence and unseaworthiness, and the claim based on unseaworthiness was covered by the New York six-year statute of limitations, Civil Practice Act, § 48, though time had run on the negligence action the court was not disposed to "mechanically apply the analogous state statutes of limitations without regard to the equities." The Court of Appeals held that the negligence action would be resurrected if the libellant could show facts excusing the delay. The court continued:

"Since we must reverse for the error in dismissing the claim based on unseaworthiness we think it would be a harsh result to permit the suit to continue and at the same time limit its scope. Accordingly we reverse the judgment appealed from. We remand the case to the District Court with a direction to reconsider the question of laches, placing the burden on the respondents to show inexcusable delay in filing the suit with resulting prejudice to the respondents."

The defendants in the present action cite the recent case of Oroz v. American President Lines, Ltd., 2 Cir., 1958, 259 F.2d 636, 639 in support of their contention that the entire action must fail if a portion of it is time-barred. A careful reading of the Oroz decision indicates that the Court of Appeals has clearly set down a degree of flexibility in preventing unjust results. The party guilty of laches can still maintain the action by carrying the burden of showing excusable delay. The Court in Oroz stated:

"Although laches is the proper measure of limitation, it has long been settled doctrine that, in deciding whether maritime claims are barred by laches, courts of admiralty will use local limitation statutes as a rule-of-thumb as to the presence or absence of prejudice and inexcusable delay. If the statute has run, prejudice by reason of inexcusable delay is presumed in the absence of a showing to the contrary; if it has not run, the converse is inferred. Redman v. United States, 2 Cir., 1949, 176 F.2d 713; Kane v. Union of Soviet Socialist Republics, 3 Cir., 1951, 189 F.2d 303, certiorari denied 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676; Wilson v. Northwest Marine Iron Works, 9 Cir., 1954, 212 F.2d 510."

Defendants cite the recent decision of the United States Supreme Court in McAllister v. Magnolia Petroleum Co., 1958, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 as controlling in this action. In McAllister the petitioner claimed damages under the Jones Act for negligence and under the general maritime law for unseaworthiness. Respondent answered, denied the allegations of negligence and unseaworthiness and maintained that petitioner's claims were barred by the pertinent statute of limitations and by laches. A careful reading of this decision indicates that it is not controlling in the case before the Court. In McAllister the United States Supreme Court vacated a judgment of the Court of Civil Appeals of Texas which had held that the two-year statute of limitations on unseaworthiness in Texas operated to bar the combined negligence and unseaworthiness action. The precise question in McAllister was whether or not a state statute of limitations could decrease the remedies available to a seaman which had been provided by an Act of Congress. The precise holding of the case

was that where an action in unseaworthiness is combined with an action under the Jones Act, a court cannot apply to the former a shorter period of limitation than Congress has prescribed for the latter and thereby destroy both actions. The reason for this is that if a seaman is to sue for both unseaworthiness and Jones Act negligence he must do so in a single proceeding.

The Court indicated that the necessity for combining actions under the Jones Act and for unseaworthiness was

" * * * a consequence of this Court's decision in Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069, which held that these claims were but alternative 'grounds' of recovery for a single cause of action. A judgment in the seaman's libel for unseaworthiness was held to be a complete 'bar' to his subsequent action for the same injuries under the Jones Act.

"Since the seaman must sue for both unseaworthiness and Jones Act negligence in order to make full utilization of his remedies for personal injury, and since that can be accomplished only in a single proceeding, a time limitation on the unseaworthiness claim effects in substance a similar limitation on the right of action under the Jones Act. Congress has provided that a seaman shall have three years to bring his action under the Jones Act. A state court cannot reduce that time by applying its own statute of limitations to such an action. Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; cf. Cox v. Roth, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260. As an essential corollary of that proposition, it may not qualify the seaman's Jones Act right by affixing a shorter limitation to his concurrent right of action for unseaworthiness. To be sure, the seaman's right of action under the Jones Act is not extinguished when a State imposes a two-year limita-

tion on the right to sue for unseaworthiness for the same injury. But in view of the practical necessity of combining both claims in a single action, Baltimore S.S. Co. v. Phillips, supra, the unseaworthiness limitation effectively diminishes the time within which the seaman must commence his action under the Jones Act. The result falls short of affording seamen 'the full benefit of federal law,' Garrett v. Moore-McCormack Co., 317 U.S. 239, 243, 63 S.Ct. 246, 250, 87 L.Ed. 239, to which they are entitled when state courts undertake to adjudicate claims under the federal maritime law." 357 U.S. at page 225, 226, 78 S.Ct. at page 1204.

Therefore the Supreme Court objected to modifying the three-year statute of limitations provided in the Jones Act, but it did not indicate its views as to the effect of a state statute which, as in the instant case, actually broadened the period of time under which suit could be brought. In fact, the spirit of the McAllister decision is rooted in the protection of the rights of seamen and within the obligation to care for these seamen any remedy which could be broadened should be.

██ In the instant action the delay in bringing suit was for a period of approximately four months. Prior to the institution of this suit defendants had notice of the injuries. Plaintiff allegedly suffered severe permanent injuries as a result of this accident. Defendants apparently will not be prejudiced by allowing this suit to continue. Seamen are wards of admiralty and should be the beneficiaries of a liberal attitude in consonance with the dictates of sound maritime policy. Aguilar v. Standard Oil Co., 1942, 318 U.S. 724, 732, 63 S.Ct. 930, 87 L.Ed. 1107.

It thus appears that so long as the state does not reduce the statute of limitations as set down by Congress, and no prejudice will be done to the defendants, slight delays in bringing lawsuits of this

nature should not result in an automatic dismissal of the lawsuit.

Under the circumstances the motion to dismiss the complaint is denied. The issue of laches may be tried by the trial court. So ordered.