**ALBERTS, Plaintiff,**

v.

**AMERICAN PRESIDENT LINES, LTD.,**
**Defendant,**

v.

**NACIREMA OPERATING CO., Inc.,**
**Third-Party Defendant.**

United States District Court
S. D. New York.
July 31, 1962.

Markhoff, Gottlieb & Harkins, New York City, for plaintiff (Leon Blaufarb, New York City, of counsel).

Symmers, Fish & Warner, New York City, for defendant (Frederick Fish, New York City, of counsel).

COOPER, District Judge.

On motion for summary judgment under Rule 56, F.R.Civ.P. 28 U.S.C.A., defendant American President Lines seeks dismissal of this action upon the ground that plaintiff's delay in bringing the suit constitutes laches and precludes recovery.

Plaintiff, a longshoreman employed by the third-party defendant, allegedly sus-

tained injuries in an accident aboard defendant's ship, on November 15, 1958. In substance, plaintiff alleges that as a result of defendant's carelessness and failure to provide him with a reasonably safe place to work, he was caused to step on a piece of dunnage containing a protruding nail and thereby sustained injuries to his foot.

Although plaintiff filed a compensation claim against his employer shortly thereafter, he refrained from commencing suit against the defendant shipowner until August 1, 1961, some two years and eight and one-half months after the alleged accident. The complaint contains separate counts based upon allegations of negligence and unseaworthiness.

On September 8, 1961, American President Lines served its amended answer, which alleged as a separate affirmative defense that plaintiff "has * * * been guilty of such laches as should in equity bar the plaintiff from maintaining this action."

Defendant took the deposition of plaintiff on December 13, 1961, and most of the pre-trial discovery appears to have been completed. Some six months after taking plaintiff's deposition, defendant brought on this motion for summary judgment dismissing the complaint on the basis of laches.

■ While laches may properly be regarded as the measure of limitation in a longshoreman's suit founded upon allegations of negligence and unseaworthiness, the courts have, in such cases, evolved the practice of looking to the local statute of limitation as a "rule of thumb" with respect to the presence or absence of prejudice and inexcusable delay. See, e. g., Oroz v. American President Lines, Ltd., 259 F.2d 636, 639 (2d Cir., 1958), cert. denied, 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572 (1959); but cf. Seals v. State Marine Lines, Inc., 188 F.Supp. 398 (E.D.La., 1960). Such

statutes of limitation are clearly not conclusive, however, and, at most create only a rebuttable presumption. Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387 (1956).

■ Since plaintiff's claim relates to injuries which allegedly occurred while the vessel was tied up alongside a New Jersey dock, it would appear that the Court may look to the New Jersey statute of limitations as a "rule of thumb" in determining whether, under all the circumstances, prejudice to the defendant and inexcusable delay exist.

Here, the relevant New Jersey statute provides that all personal injury actions must "be commenced within 2 years next after the cause of any such action shall have accrued." New Jersey Statutes Annotated, 2A:14–2; New York Civil Practice Act, § 13.[1]

The courts have repeatedly held, however, that such state statutes of limitation may not be mechanically applied in determining the timeliness of claims based upon unseaworthiness, since these arise under general maritime law, where the equitable doctrine of laches governs rather than any particular statute of limitations.

As the United States Supreme Court stated in Czaplicki v. The Hoegh Silvercloud, supra, at p. 533, 76 S.Ct. at p. 951:

"* * * The rule is that 'the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case.' The Key City, 14 Wall. 653, 660 [20 L.Ed. 896]. In cases where suit has been brought after some lapse of time, the question is whether it would be inequitable, because of the delay, to enforce the claim. Holmberg v. Armbrecht, 327 U.S. 392, 396 [66 S.Ct. 582, 90 L.Ed. 743]; Southern Pacific Co. v. Bogert, 250 U.S. 483, 488–489 [39 S.

---

1. But see, Seals v. State Marine Lines, Inc., supra, where the court held that the 3-year Jones Act limitation should be used as the "rule of thumb". Cf., Oroz v. American President Lines, supra, footnote; Gilmore & Black, The Law of Admiralty (1957), pp. 282–83.

Ct. 533, 63 L.Ed. 1099]. 'Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief.' Gardner v. Panama R. Co., 342 U.S. 29, 31 [72 S.Ct. 12, 96 L. Ed. 31]. This does not mean, of course, that the state statutes of limitations are immaterial in determining whether laches is a bar, but it does mean that they are not conclusive, and that the determination should not be made without first considering all the circumstances bearing on the issue."

 Hence, it is clear that "the existence of laches is a question primarily addressed to the discretion of the trial court." Gardner v. Panama R. Co., 342 U.S. 29, 30, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

 In the case at bar, a dispute exists as to whether defendant had notice of plaintiff's claim prior to the institution of this suit. Plaintiff's counsel states that he mailed a claim letter on August 28, 1959, to American President Lines (See plaintiff's deposition, p. 26). Defendant, on the other hand, denies any such notice prior to receipt of the summons and complaint in August, 1961. Thus a material issue of fact exists which relates to the matter of defendant's "prejudice" in connection with the delay.

Plaintiff's counsel, in an opposing affidavit, also asserts that the events following the alleged accident do not indicate inexcusable delay. Although plaintiff stated that he retained counsel in August, 1959 (Deposition, p. 28), the papers before the Court, nevertheless, do not adequately explore the reasons why suit was not earlier commenced. Ordinarily such conclusory allegations respecting excusable delay do not suffice.

Under all the circumstances, however, the court concludes that the issue of laches in this case should be tried on the proofs, rather than the pleadings.

See Seaboard Finance Co. v. Martin, 244 F.2d 329 (5th Cir., 1957). Plaintiff should have an opportunity to prove his allegation of absence of prejudice and to introduce evidence to attempt to justify the delay, if he can.

While it may be true that plaintiff is not entitled to recover because of laches, yet nevertheless the court should await the proofs on this issue. After hearing all the relevant facts, it can then be determined whether plaintiff should be denied recovery because of unwarranted delay. See Campanile v. Societa G. Malvicini, 170 F.Supp. 667, 671 (S.D.N.Y. 1959); Greenspon v. Parke, Davis & Co., 8 F.R.D. 485 (S.D.N.Y.1948); Clair v. Sears Roebuck & Co., 34 F.Supp. 559 (W.D.Mo., 1940); Moore, Federal Practice (2d ed.), § 56.17 [38], p. 2227.

Accordingly, the motion for summary judgment is denied. The issue of laches, may be tried by the trial court.

So ordered.