Steve BARCA

v.

MATSON NAVIGATION COMPANY.

No. Civ. A. 11543.

United States District Court
E. D. Louisiana.

Nov. 7, 1962.

Fritz Windhorst, C. Cyril Broussard, New Orleans, La., for plaintiff.

W. Eugene Davis, New Orleans, La., for defendant.

FRANK B. ELLIS, District Judge.

Plaintiff is a longshoreman injured aboard Matson Navigation Company's ship the "SS HAWAIIAN TRAVELER". He was employed by T. Smith & Sons.

The accident happened on September 16, 1958. On September 15, 1961, he filed suit in this Court, under the general maritime law, seeking damages on the basis of the unseaworthiness of defendant's vessel. Defendant now moves to dismiss the suit for laches.

■ Although brought on the law side of the court, the allegation of unseaworthiness requires the application of maritime law to this case. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239, and perforce the application of the doctrine of laches. See Seals v. States Marine Lines, Inc., E.D. La., 188 F.Supp. 398.

■■ Although laches is fundamentally an equitable matter of time lapsed plus prejudice to the defendant. Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 5 Cir., 261 F.2d 861, unhampered by mechanical application of any analogous statute of limitations. Gardner v. Panama R. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31, the development of the shifting burdens rule makes the question of reference to a particular statute of limitations of considerable importance. If the action is brought before the analogous statute of limitations has run, ordinarily it is presumed that laches does not bar the action. See Seals v. States Marine Lines, Inc., supra, 188 F. Supp. at 399 note 4. Where the action is brought after the analogous statute has run, plaintiff has the burden of showing excusable delay on his part and lack of prejudice to the defendant. McMahon v. Pan American World Airways, 5 Cir., 297 F.2d 268; Morales v. Moore-McCormack Lines, Inc., 5 Cir., 208 F.2d 218. Moreover a presumption of prejudice to

the defendant arises after passage of the analogous statutory period. Vega v. The Malula, 5 Cir., 291 F.2d 415. Consequently, although we are instructed to treat the analogous statute of limitations lightly in the final determination of laches *vel non*, the choice of the analogous statute presents crucial problems for the tardy plaintiff.

■ Since this court's 1960 decision in Daniels v. States Marine Corporation of Delaware, E.D.La., 184 F.Supp. 815, see also Seals v. States Marine Lines, Inc., supra, this District has used the three-year period of the Jones Act as the analogous statute of limitations in unseaworthiness claims by longshoremen. Defendants now assert that the Fifth Circuit has tacitly overruled the Daniels case and asks this court to apply the Louisiana one-year prescription statute [1] to the case at bar in accordance with the alleged prevailing rule in this Circuit.

This Court is not quick to overrule doctrines long applied in this District. Neither Daniels nor Seals were tested on appeal. Yet, the legal basis for the Daniels rule has been seriously questioned and ultimately rejected in another District. Dawson v. Fernley and Eger, E.D. Va., 196 F.Supp. 816. However, the District Judge who formulated the Daniels rule had an opportunity to review it within months of its original formulation and reached the same conclusion.

Defendant asserts that the Fifth Circuit's decisions in Vega v. The Malula, supra, and Delgado v. The Malula, 5 Cir., 291 F.2d 420, have made it clear that Daniels is no longer the rule in the Fifth Circuit. It cannot be denied that there is language in Vega and Delgado contrary to the Daniels rule.[2] However,

1. LSA–C.C. Art. 3536.

2. "The libel having been instituted in Florida and there being no applicable federal statute, the statutes of limitation in that state will determine whether the action is time-barred." Vega v. The Malula, 5 Cir., 291 F.2d 415, 417.

"Here, in contrast with Vega, there was really no showing of any basis for the

telling of the statutory period either under the law of Puerto Rico or that of Florida, or both. On the face of things, therefore, the filing appears to be untimely and way beyond the period allowed under the analogous statutes of limitations." Delgado v. The Malula, 5 Cir., 291 F.2d 420, 421.

both those cases were brought more than four years after the injury and thus the precise question which prompted the Daniels rule was not presented to the Court. Moreover, the Court noted that neither case involved the presumptions stemming from the application of analogous statutes of limitations.

However, the Fifth Circuit has faced the question in another context in which questions of presumption of prejudice arose. While personal injury was not involved, the Fifth Circuit spoke in definitive terms concerning the question before this Court. In McMahon v. Pan American World Airways, supra, the Fifth Circuit applied the Florida one-year statute of limitations in an action for overtime wages in admiralty with the words:

> "The Federal Court sitting in Admiralty will be guided in setting a time limit by the analogous statute of limitations of the state where the cause of action arose. Oroz v. American President Lines, Ltd., 259 F.2d 636, 639 (2 C.A., 1958) 3 Benedict on Admiralty, Sec. 463."

The language could not be more clear. While this Court is not sitting in Admiralty, it is enforcing rights peculiar to Admiralty and the same rule applies in an unseaworthiness claim on the law side. If it be argued that the principle of Daniels was not involved in McMahon, it should be observed that the Fifth Circuit cited, as authority for its position, a Second Circuit case applying the analogous state statute of limitations in a longshoreman's suit.[3] Moreover, the Fifth Circuit states the rule without qualification of the type of case involved. If the policy considerations which gave rise to Daniels, and seriously questioned in Dawson, are to be made, they must be addressed to the Fifth Circuit. The combination of Vega, Delgado and Mc-Mahon leave little doubt as to the Fifth Circuit's express opinion on the subject.[4]

In any event, this Court finds that it must apply the Louisiana one-year statute of limitations to the analogous statute for the purposes of establishing the burdens of proof in this case.[5] Of course, this matter does not end there. It is still a matter of the equities as to whether

---

3. Of additional importance is the fact that the Fifth Circuit cited, and adopted as the law, the Oroz case from the Second Circuit; the very case which the District Judge who formulated the Daniels rule cited as contrary authority for his position and sought to distinguish. See Seals v. State Marine Lines, Inc., E.D.La., 188 F.Supp. 398, 399 note 4.

4. The obvious distinguishing factors between these cases and the considerations extant in the Daniels case cannot dispel the more crucial fact that no less than three times since Daniels the Fifth Circuit has applied the statute of limitations of the state wherein the action was brought with a statement that such procedure was the law and, further, that in its most recent expression the Fifth Circuit stated a general rule on the subject of such cases in Admiralty contrary to the Daniels rule without indicating a need for re-examination of the policy of applying the analogous *state* statutes. This Court is unable to distinguish statements of the law as unequivocal as those found in McMahon. See also Pure Oil Co. v. Snipes, 5 Cir., 293 F.2d 60.

5. See note 1 supra. The District Court in Seals pointed out the difficulty in choosing the proper state statute to apply to an action for unseaworthiness. Seals v. States Marine Lines, Inc., supra, 188 F.Supp. p. 399 note 4. The Fifth Circuit cites the Florida statute on contract actions as "perhaps" the statute for actions on unseaworthiness. Vega v. The Malula, supra, 291 F.2d at 417. The Second Circuit in Oroz v. The American President Lines, Ltd., 2 Cir., 259 F.2d 636, finds unseaworthiness to be enough of a tort to bring it within the New Jersey tort statute of limitations. The Supreme Court's decision in Seas Shipping Co. v. Sieracki, 328 U.S. 85, at 94, 66 S.Ct. 872, at 877, 90 L.Ed. 1099 ("[Seaworthiness] is essentially a species of liability without fault".) makes the exact nature of unseaworthiness somewhat uncertain insofar as cataloguing it under a state statute of limitations. It suffices to say that since the Fifth Circuit demands that the District Court apply some state statute, the Louisiana statute dealing with offenses and quasi-offenses, LSA-C.C. Art. 3536, most nearly approximates

plaintiff is barred by laches. The Fifth Circuit endorses the setting of a preliminary hearing on laches before trial and questions the determination of laches on the pleadings alone. Vega v. The Malula, supra, 291 F.2d at 416. Consequently, this court will set a hearing at an early date on the question of laches with the burden on plaintiff to excuse his delay and overcome the presumption that prejudice has accrued to defendant.

SO ORDERED.

the proper statute of limitations applicable to an action for unseaworthiness.

Liability without fault is a recognized doctrine in Louisiana. Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So. 2d 845; Gotreaux v. Gary, 232 La. 373, 94 So.2d 293. However, no Louisiana case could be found which applied any statute of limitations for actions on liability without fault. The District Judge who formulated Daniels used the Louisiana one-year statute prior to Daniels in the only Louisiana federal court case found. Pinion v. Mississippi Shipping Co., E.D.La., 156 F.Supp. 652. Since the analogous statute is only a point of reference and unseaworthiness is at least a "fault" of the ship if not the owner, the choice of the Louisiana one-year statute seems the most appropriate. If the choice of statutes is to aid in an equitable decision and if the shifting of burdens rule is to be taken seriously, the use of the Louisiana ten-year statute for all other personal actions, LSA–C.C. Art. 3544, seems highly inappropriate.