KENNETH J. BRANNIGAN, Appellant, *v.* LYKES BROS. STEAMSHIP Co., INC., Respondent.

Third Department, October 20, 1966.

274

[redacted]

*Finnan & Decatur* (*Raymond T. Finnan* of counsel), for appellant.

*Ainsworth, Sullivan, Tracy & Knauf* (*Frank J. Warner, Jr.,* of counsel), for respondent.

GIBSON, P. J. Appeal is taken from so much of an order of the Supreme Court at Special Term as granted defendant's motion to dismiss, as barred by the three-year Statute of Limitations, plaintiff's cause of action for personal injuries sustained in the course of his duties as a seaman on defendant's ship in navigable waters, the cause of action charging both negligence under the Jones Act (U. S. Code, tit. 46, § 688) and breach of warranty of seaworthiness under the general maritime law; the dismissal being without prejudice to service of an amended complaint pleading breach of warranty only.

Special Term correctly held that the claim of unseaworthiness, being in contract, had the benefit of the New York six-year Statute of Limitations but that plaintiff's combining with that claim an additional claim predicated on negligence under the Jones Act did not save the latter from the bar of the three-year limitation. Plaintiff relies on *Campanile* v. *Societa G. Malvicini* (170 F. Supp. 667) which is apparently *sui generis* and which Special Term quite properly did not follow. It is clear, of course, that the provisions for a limitation of three years against negligence claims of this nature represent the Federal policy and that of New York as well. (U. S. Code, tit. 46, § 688, and U. S. Code, tit. 45, § 56; CPLR 214.) Consequently, we are not constrained to enlarge the period by judicial construction, as did the District Court in *Campanile* (*supra*). In *McAllister* v. *Magnolia Petroleum Co*. (357 U. S. 221, 224), cited in the briefs,

it was held merely "that where an action for unseaworthiness is combined with an action under the Jones Act a court cannot apply to the former a *shorter* period of limitations than Congress has prescribed for the latter" (emphasis supplied). Here, appellant would have us impose not a "shorter", but an expanded period of limitation, in contravention of Federal and State policy alike; and this we may not do.

The order should be affirmed.

HERLIHY, REYNOLDS and STALEY, JR., JJ., concur; TAYLOR, J., not voting.

Order affirmed, without costs.