671 So.2d 489 (1995)
Herman P. CHERAMIE, Sr.
v.
ACADIAN AMBULANCE SERVICE, INC., Cigna Property and Casualty Insurance Company, Kyle Miller, the Hanover Insurance Company and State Farm Mutual Automobile Insurance Company.
No. 95 CA 0038.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
*490 David J. Shea, Houma, for Plaintiffs-Appellees Herman P. Cheramie, Sr. and Mary Cheramie.
Douglas J. Cochran, William C. Shockey, Baton Rouge, for Defendants-Appellants Acadian Ambulance Service, Inc., Kyle Miller, and Ins. Co. of North America.
J. Alan Jordan, Baton Rouge, for Intervenor-Appellee Louisiana Home Builders Self Insurance Fund.
John R. Keogh, Baton Rouge, for Defendant-In-Reconvention Hanover Insurance Co.
Before LeBLANC, WHIPPLE and FOGG, JJ.
FOGG, Judge.
The issue raised on appeal in this personal injury action is whether the trial court erred in finding the defendants waived their right to raise an objection of improper venue. We reverse.
The plaintiff, Herman P. Cheramie, Sr., a domiciliary of Lafourche Parish, filed a tort suit on July 8, 1993 in the Seventeenth Judicial District Court in Lafourche Parish. The suit arose out of a motor vehicle collision which occurred in St. Martin Parish on July 27, 1992 between a vehicle driven by Herman Cheramie and owned by his employer, G.M. Cable Contractors (G.M. Cable), and an ambulance. In his suit, Cheramie named as defendants Acadian Ambulance Service, Inc. (Acadian), the owner of the ambulance; Kyle Miller, the driver of the ambulance; and Insurance Company of North America (INA), the insurer of Acadian (these defendants will hereinafter be collectively referred to as "the Acadian defendants").[1] Also named as defendants were Cheramie's personal uninsured motorists insurer, State Farm Mutual Automobile Insurance Company (State Farm), and G.M. Cable's uninsured motorists insurer, Hanover Insurance Company (Hanover). Louisiana Home Builders Self Insurance Fund, G.M. Cable's worker's compensation insurer, intervened in the suit to recover worker's compensation benefits paid to Cheramie.
The Acadian defendants filed an answer, a reconventional demand against Cheramie and Hanover, and a third party demand against G.M. Cable on September 30, 1993. On December 3, 1993, plaintiff filed a motion and order for partial dismissal without prejudice, seeking to have State Farm and Hanover dismissed from the case. The court signed the order dismissing State Farm and Hanover on December 6, 1993. On January 26, 1994, Cheramie filed a first supplemental and amending petition which added Mary Cheramie, Cheramie's wife and also a domiciliary of Lafourche Parish, as a plaintiff and named as defendants Acadian, INA, Miller, Hanover and State Farm. On February 1, 1994, the court signed a motion and order, brought by the Cheramies, for partial dismissal without prejudice removing Hanover. On February 7, 1994, the Acadian defendants filed an *491 answer to the first supplemental and amending petition. On May 2, 1994, the court signed an order fixing the case for trial on December 5, 6, and 7, 1994.
On June 23, 1994, a second supplemental and amending petition was filed, which sought to supplement and amend the original petition for damages in its entirety. The petition added Mary Cheramie as a plaintiff, naming as defendants Acadian, INA and Miller, and alleged a claim against INA for penalties and attorney's fees for its failure to make a good faith settlement. The Acadian defendants filed a declinatory exception raising the objection of improper venue on August 3, 1994, contending that venue was improper in Lafourche Parish because State Farm had been eliminated as a defendant. After a hearing, the court overruled the exception. The Acadian defendants filed a motion for a new trial on this ruling, which the court denied. From the judgment overruling the objection of improper venue, the Acadian defendants appeal.
LSA-C.C.P. art. 73 states, in pertinent part,
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
LSA-C.C.P. art. 76 states, in pertinent part, "An action on any other type of insurance policy [other than life and health and accident] may be brought in the parish where the loss occurred or the insured is domiciled." Therefore, the Cheramies were entitled to file suit in Lafourche Parish under articles 73 and 76 of the Louisiana Code of Civil Procedure when State Farm and Hanover, uninsured motorists insurers alleged to be solidarily liable with the other defendants, were joined as defendants.
The Acadian defendants contend that when the Cheramies filed the second amending petition and did not name State Farm or Hanover as a defendant, venue in Lafourche Parish was no longer proper[2] and they timely filed an exception raising the objection of improper venue. They contend that although they previously filed answers to the Cheramies' original and first amending petition, they could not object to venue until the Cheramies filed a second amending petition failing to name a resident defendant; because they filed their exception before answering this amending petition, the exception was timely.[3]
The Cheramies contend that the Acadian defendants waived their objection to venue because prior to filing the exception, these defendants filed two answers, a reconventional demand and a third party demand, and also participated in discovery and a pretrial conference. According to the Cheramies, the claim of the Acadian defendants that they could not object to venue until State Farm was no longer a defendant has no merit because they could have urged their objection to State Farm's joinder prior to the second amending petition, particularly when both State Farm and Hanover were dismissed from the lawsuit on December 6, 1993.
We find that the trial court erred in overruling the exception of improper venue by finding the Acadian defendants waived their objection. Venue is waivable in all cases, except in those actions where venue is made jurisdictional by specific articles of the code of civil procedure. All objections to venue are raised by the declinatory exception which must be filed before the answer. Randell v. Prince, 460 So.2d 96 (La.App. 3d *492 Cir.1984). When the Cheramies dismissed State Farm and Hanover from the suit on December 6, 1993, venue was no longer proper in Lafourche Parish. Although the certification by the Cheramies' attorney which appears on the motion for dismissal shows that he served a copy of the motion for dismissal to all counsel of record by placing it in the mail on November 22, 1993, the record does not show that the Acadian defendants were served with the order of dismissal. Rather the record reflects that, following the dismissal, the Acadian defendants did nothing of record constituting a general appearance, which would be a waiver of an objection to venue, before the Cheramies amended their petition seven weeks later to rename State Farm and Hanover as defendants, making venue once again proper in Lafourche Parish.[4]Cf. Randell v. Prince, 460 So.2d at 97. Once the Cheramies renamed State Farm and Hanover as defendants, the Acadian defendants could not raise the exception of improper venue because venue was once again proper. Once State Farm and Hanover were no longer defendants by virtue of the Cheramies' second amending petition, venue in Lafourche Parish became improper, and the Acadian defendants timely raised their objection to the improper venue.
We note that LSA-C.C.P. art. 73B is inapplicable in this case. LSA-C.C.P. art. 73B provides, "If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants." In the case before us, section B of article 73 is inapplicable because the Cheramies did not compromise their action against State Farm and Hanover, nor were these defendants dismissed after a trial on the merits. See Greene v. Engolio, 257 So.2d 831 (La.App. 1st Cir. 1972).
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the trial court. The trial court is ordered to allow the Cheramies the opportunity to amend their petition to remove the grounds for the objection of improper venue in accordance with LSA-C.C.P. art. 932. Costs of this appeal are assessed against the Cheramies.
REVERSED AND REMANDED.
WHIPPLE, J., concurs and assigns reasons.
WHIPPLE, Judge, concurring.
Although the Cheramies argued at the hearing on the venue exception and in their brief to this court that the Acadian defendants had propounded interrogatories in the period between the filing of the partial dismissal and the first amending petition, there is nothing in the record to so reflect.
As set forth in Bickham v. Sub Sea International, Inc., 617 So.2d 483, 484 (La.1993), the filing of interrogatories and requests for production of documents constitutes a general appearance which would waive any objections raised by declinatory exceptions. I recognize that LSA-C.C.P. arts. 1446 and 1474, as amended in 1989, generally prohibit the filing of discovery documents into the record. Further, it is entirely possible that in ruling on the exception the trial court was cognizant of these discovery proceedings having occurred herein. While the trial court is entitled to take cognizance of the proceedings before it, there is nothing in the record before this court to show that the Acadian defendants made a general appearance by propounding interrogatories and conducting discovery. Therefore, based on the record before this court and the absence of the introduction of these discovery documents, I concur in the result.
NOTES
[1] In his original petition, the plaintiff incorrectly named Cigna Property and Casualty Insurance Company as Acadian's insurer. In later pleadings, Acadian's insurer was correctly identified as Insurance Company of North America (INA).
[2] The allegations in the petition concerning domicile as to the remaining defendants were as follows: Acadian, a domestic corporation authorized to do business in Louisiana; INA, a foreign insurer authorized to do business in Louisiana; and Miller, a domiciliary of Evangeline. Venue would be proper as to Miller in Evangeline Parish; as to Acadian, in Lafayette Parish; and as to INA, in East Baton Rouge Parish. LSA-C.C.P. arts. 42(1), 42(2), 42(7).
[3] LSA-C.C.P. art. 928 provides that a declinatory exception must be pleaded prior to answer.
[4] We note that although the Cheramies in brief and at the hearing on the venue exception claimed that the Acadian defendants propounded interrogatories in the period between the filing of the partial dismissal and the first amending petition, these interrogatories are not in the record.

This court cannot consider facts referred to in brief or in exhibits attached to the brief, if those facts are not in the record on appeal. Premier Bank, National Association v. Prevost Motors, Inc., 597 So.2d 1136 (La.App. 1st Cir.), writ denied, 605 So.2d 1115 (La.1992).