774 So.2d 181 (2000)
Leroy DURIO, Sr.
v.
ROBERT E. LEE, INC. and Avondale Industries, Inc., et al.
No. 2000-C-1314.
Court of Appeal of Louisiana, Fourth Circuit.
August 2, 2000.
Order Granting Rehearing September 15, 2000.
Writ Denied December 8, 2000.
*182 Virgil A. Lacy, III, Blue Williams, L.L.P., Metairie, Louisiana, Counsel for Relator/Defendant, Avondale Industries, Inc.
Darryl J. Carimi, Carimi Law Firm, Metairie, Louisiana, Counsel for Respondent/Plaintiff.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MIRIAM G. WALTZER, Judge PHILIP C. CIACCIO, Pro Tem.
BYRNES, Judge.
Initially, we grant the plaintiff, Leroy Durio's motion to supplement the record and motion to file a supplemental memorandum. We grant the motion of the defendant, Avondale Industries, Inc. ("Avondale"), to supplement the record and to file a supplemental memorandum in support of its writ application.
We grant the writ application of Avondale to review Avondale's claim that the trial court erred in denying its exception of venue. We reverse.
In this maritime personal injury action, Leroy Durio filed suit on September 26, 1990 in Orleans Parish for injuries that he suffered when he fell into the bilge of a vessel under repair at Avondale Shipyard in Jefferson Parish. Durio was working as a welder's helper for an Avondale subcontractor at the time of the accident on October 11, 1989. Durio sued Robert E. Lee, Inc. and Avondale Industries, Inc. Durio alleged that Robert E. Lee, Inc., owner of the vessel M/V ROBERT E. LEE, was domiciled in Orleans Parish. Robert E. Lee, Inc. answered the suit, denying that it had any connection with the vessel M/V ROBERT E. LEE. Thereafter, Durio filed a supplemental petition, adding Waterman Steamship Company ("Waterman") as a defendant, the owner of the vessel M/V ROBERT E. LEE. Later, the trial court granted summary judgment, dismissing plaintiff's claim against Waterman Steamship Company. According to the supplements provided by Durio and Avondale, on Durio's motion and order to dismiss without prejudice with reservation of rights, the trial court dismissed Robert E. Lee, Inc. from the suit on August 26, 1991. Later, plaintiff filed a motion to voluntarily dismiss Robert E. Lee, Inc., and the trial court dismissed Robert E. Lee, Inc. from the action with prejudice on December 2, 1999. On December 3, 1999, Avondale filed its exception of venue, and the trial court's denied the exception on May 9, 2000. Avondale's writ application followed.
Avondale argues that once the plaintiff moved for dismissal with prejudice of his claims against Robert E. Lee, Inc., venue was not proper in Orleans Parish because the only party with venue in Orleans had been dismissed. A nonresident defendant may except to venue once the last resident defendant is dismissed form the suit prior to trial. Cheramie v. Acadian Ambulance Service, Inc., 95-0038 (La.App. 1 Cir. 10/6/95), 671 So.2d 489.
Durio contends that Avondale waived the claim of venue because it submitted to the jurisdiction of Orleans Civil District Court by its appearances in the suit, including Avondale's September 27, 1991 answer to Durio's second amended petition for damages. Durio further avers that the exception is untimely because Avondale should have filed after the August 26, 1991 dismissal of Robert E. Lee, Inc.
Avondale submits that it never received a copy of the plaintiff's motion to dismiss Robert E. Lee, Inc., and it did not receive notice or a copy of the August 26, 1991 judgment. Therefore, Avondale could not have filed its exception of venue previously where venue was proper until Robert E. Lee, Inc. was dismissed from the suit. Avondale claims it timely filed its exception to venue after it had notice that Robert *183 E. Lee, Inc. was dismissed from the suit on December 2, 1999.
La. C.C.P. art. 42 provides:
Art. 42. General rules
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.
(3) A domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located.
(4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its primary place of business in the state is located or in the parish designated as its principal business establishment in its application to do business in the state.
(5) A foreign corporation or foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in a parish where the process may be, and subsequently is, served on the defendant.
(6) A nonresident, other than a foreign corporation or a foreign or alien insurer, who has appointed an agent for the service of process in the manner provided by law, shall be brought in the parish of the designated post office address of an agent for the service of process.
(7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.
La. C.C.P. art. 73 states:
Art. 73. Action against joint or solidary obligors
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
B. If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.
La. C.C.P. art. 74 provides in pertinent part:
Art. 74. Action on offense or quasi offense
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
La. C.C.P. art. 44 provides in pertinent part:
Art. 44. Waiver of objections to venue
* * *
Except as otherwise provided in this article or by other law, any objection to the venue, including one based on any article in this Chapter, is waived by the failure of the defendant to plead the declinatory exception timely as provided in Article 928.
La. C.C.P. art. 928 provides:
Art. 928. Time of pleading exceptions

*184 A. The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.
B. The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision and may be filed with the declinatory exception or with the dilatory exception or both.
Plaintiffs original and supplemental petitions show that he claimed that the defendants were liable in solido. Plaintiff argues that Avondale filed answers, conducted discovery, filed motions, third-party claims and participated in the pretrial discovery order after the defendant, Waterman Steamship Company, was dismissed from the suit. Plaintiff avers that these actions constituted general appearances so that Avondale waived its objection to venue.
However, as long as Robert E. Lee, Inc. remained a party to the suit, venue was proper in Orleans Parish. Robert E. Lee, Inc. was a party to the suit until the trial court dismissed it from the action. At issue is whether Avondale filed its declinatory exception of venue timely where it had no notice of Robert E. Lee, Inc.'s dismissal in 1991.
Plaintiff submits that Avondale was aware from the inception of the suit that Robert E. Lee, Inc. was not the owner of the vessel M/V ROBERT E. LEE because Avondale built the vessel and had a repair contract with the owner so that Avondale knew who the correct owner was.
Generally, objections to venue are raised by the declinatory exception which shall be filed before the answer. Stutts v. Liberty Mut. Ins. Co., 416 So.2d 1326 (La.App. 3 Cir.1982). In Randell v. Prince, 460 So.2d 96 (La.App. 3 Cir.1984), the appellate court found that venue could be waived before it was made an issue by the plaintiffs amended petition. In that case, the defendant argued that the question of venue was not an issue when the defendant filed its answer, and venue could not be waived before it was made an issue by the pleadings. The appellate court held that the defendant was cognizant of where the accident actually occurred so that the original petition was amenable to an exception of venue. Therefore, the appellate court held that the defendant waived any objection to venue by failing to file a declinatory exception of improper venue before answering the petition.
In the present case, the location of the accident was not in dispute. The location is not comparable to the identifiable owner of a vessel. Companies can have various owners and corporations may own a variety of businesses. The location of an accident is capable of being readily identified by the participating parties whereas the owner of property cannot be readily identified without investigation.
In Bickham v. Sub Sea International, Inc., 617 So.2d 483 (La.1993), the Louisiana Supreme Court found that the defendant did not waive the pending declinatory exception of improper venue by filing interrogatories and requests for production of documents, together with its answer, while the exception was pending.
In Fincher v. Insurance Corp. of America, 521 So.2d 488 (La.App. 4 Cir.1988), writ denied, 522 So.2d 570 (La.1988), the nonresident defendants in a medical malpractice action were not subject to venue in a parish where the sole resident defendant of the parish was dismissed on an exception of lis pendens. The case does not show that the defendants answered the petition.
In Cheramie v. Acadian Ambulance Service, Inc., 95 0038 (La.App. 1 Cir. 10/6/95), 671 So.2d 489, the appellate court *185 found that the Acadian[1] defendants timely raised their objection to improper venue after venue became improper. That case involved the dismissal of a sole resident defendant, State Farm, and amended petitions. The appellate court noted:
The Acadian defendants filed an answer, a reconventional demand against Cheramie and Hanover, and a third party demand against G.M. Cable on September 30, 1993. On December 3, 1993, plaintiff filed a motion and order for partial dismissal without prejudice, seeking to have State Farm and Hanover dismissed from the case. The court signed the order dismissing State Farm and Hanover on December 6, 1993. On January 26, 1994, Cheramie filed a first supplemental and amending petition which added Mary Cheramie, Cheramie's wife and also a domiciliary of Lafourche Parish, as a plaintiff and named as defendants Acadian, INA, Miller, Hanover and State Farm. On February 1, 1994, the court signed a motion and order, brought by the Cheramies, for partial dismissal without prejudice removing Hanover. On February 7, 1994, the Acadian defendants filed an answer to the first supplemental and amending petition. On May 2, 1994, the court signed an order fixing the case for trial on December 5, 6 and 7, 1994.
On June 23, 1994, a second supplemental and amending petition was filed, which sought to supplement and amend the original petition for damages in its entirety. The petition added Mary Cheramie as a plaintiff, naming as defendants Acadian, INA and Miller, and alleged a claim against INA for penalties and attorney's fees for its failure to make a good faith settlement. The Acadian defendants filed a declinatory exception raising the objection of improper venue on August 3, 1994, contending that venue was improper in Lafourche Parish because State Farm had been eliminated as a defendant.... [Emphasis added.]
Id., 671 So.2d at 490-491.
The appellate court stated:
We find that the trial court erred in overruling the exception of improper venue by finding the Acadian defendants waived their objection.... When the Cheramies dismissed State Farm and Hanover from the suit on December 6, 1993, venue was no longer proper in Lafourche Parish. Although the certification by the Cheramies' attorney which appears on the motion for dismissal shows that he served a copy of the motion for dismissal to all counsel of record by placing it in the mail on November 22, 1993, the record does not show that the Acadian defendants were served with the order of dismissal. Rather the record reflects that following the dismissal, the Acadian defendants did nothing of record constituting a general appearance, which would be a waiver of an objection to venue, before the Cheramies amended their petition seven weeks later to rename State Farm and Hanover as defendants, making venue once again proper in Lafourche Parish. (FN4) Cf. Randell v. Prince, 460 So.2d 96. Once the Cheramies renamed State Farm and Hanover as defendants, the Acadian defendants could not raise the exception of improper venue because venue was once again proper. Once State Farm and Hanover were no longer defendants by virtue of the Cheramies' second amending petition, venue in Lafourche Parish became improper, and the Acadian defendants timely raised their objection to the improper venue.
Id., 671 So.2d at 491-492.
The appellate court also held that:
... [S]ection B of article 73 is inapplicable because the Cheramies did not compromise their action against State Farm and Hanover, nor were these defendants dismissed after a trial on the merits. *186 See Greene v. Engolio, 257 So.2d 831 (La.App. 1st Cir.1972).
Id., 671 So.2d at 492.
The Cheramie case is similar to the present case in that it involved amended petitions, the dismissal of the only resident defendant, and the fact that service of the motion and order of dismissal was not provided in the record. Plaintiff argues that according to Cheramie, "once State Farm and Hanover were no longer defendants by virtue of the Cheramies' second amended petition, venue in Lafourche became improper, and the Acadian defendants timely raised their objection to the improper venue." Id. 671 at 492. Plaintiff contends that Avondale should have filed its exception of venue when plaintiff first filed its second amended petition excluding Waterman Steamship Company as a defendant. However, in Cheramie, on December 6, 1993, the trial court had already dismissed the Acadian defendants before the plaintiffs filed their last supplemental petition. In the present case Robert E. Lee, Inc. remained a defendant and venue remained proper until the trial court dismissed Robert E. Lee, Inc. from the suit.
Avondale contends that it never received notice that Robert E. Lee, Inc. was dismissed by the trial court in 1991, and therefore, it could not file a declinatory exception of venue at that time. It is noted that in his original responsive brief to Avondale's current writ application, the plaintiff initially was unaware that Robert E. Lee, Inc. had been dismissed from the action in 1991.
The record shows that Robert E. Lee, Inc.'s counsel sent two letters dated July 25, 1991 and August 16, 1991 to the Clerk of Court in civil district court about the dismissal order without indicating that Avondale or its counsel was provided with a copy of these documents. There is no indication that Avondale was served with the order granting dismissal of Robert E. Lee, Inc. on August 26, 1991. Nothing shows that the pleading was mailed to Avondale or its counsel, and there is no certificate of service or other notation that Avondale or its counsel received notice. Avondale was deprived of its right to pursue an exception of venue following the 1991 dismissal of Robert E. Lee, Inc. without notice. Therefore, the December 3, 1999, is the proper date on which Avondale had notice of the dismissal of Robert E. Lee, Inc. from the suit. The exception of venue should be raised upon dismissal of the resident defendant under Cheramie. As long as Robert E. Lee, Inc. remained a party to the suit, venue in Orleans Parish was proper, and an exception to venue could not be maintained. Until Robert E. Lee, Inc. was dismissed from the action by the trial court in 1999, Avondale's actions did not constitute a general appearance in the case.
Further, the plaintiff claims that if the case is dismissed in Orleans Parish, it cannot be refiled in Jefferson Parish because it has prescribed after one year. Avondale points out that plaintiffs maritime personal injury claim is subject to a three-year statute of limitations under federal law. The admiralty doctrine of laches rather than the state statute of prescription must be invoked in determining the timeliness in filing of a maritime tort action in state courts. La. C.C. art. 3536; Sewerage and Water Bd. of New Orleans v. Sanders, 264 So.2d 270 (La.App. 4 Cir.1972), writ refused, 262 La. 1157, 266 So.2d 443 (La. 1972). Where no prejudice or neglect is shown, limitation statutes, state or federal, while not irrelevant in the question of laches, are not to be applied mechanically in cases involving general maritime law. Seals v. State Marine Lines, Inc., 188 F.Supp. 398 (E.D.La.1960).
Accordingly, the trial court's judgment denying Avondale's declinatory exception of venue is reversed. Avondale's declinatory exception is granted, and the case is remanded for further proceedings.
REVERSED & REMANDED.
Court composed of Judge BYRNES, Judge WALTZER, and Judge Pro Tempore CIACCIO.

*187 ORDER
PLAINTIFF'S APPLICATION FOR REHEARING GRANTED; THIS PANEL'S PREVIOUS OPINION VACATED; TRIAL COURT'S RULING REINSTATED; & AVONDALE INDUSTRIES, INC.'S WRIT APPLICATION DENIED.
We grant the plaintiff's motion to supplement the record and request for rehearing.
In Cheramie v. Acadian Ambulance Service, Inc., 95 0038 (La.App. 1 Cir. 1995), 671 So.2d 489, the plaintiff filed a personal injury claim against a motorist and his insurer, as well as uninsured motorist insurers that provided coverage for the plaintiff and his employer. The defendants answered the suit but at that time, venue was proper in that parish because the uninsured motorist insurers were named as parties to the suit. After the plaintiff voluntarily dismissed the uninsured motorist carriers from the case, the remaining defendants did not file an answer or file anything else that would have been a general appearance and would have waived their claim of improper venue.
Cheramie filed a first supplemental and amending petition that again added those uninsured motorist carriers as defendants that again made venue proper. Cheramie filed his second supplement and amending petition that did not name the uninsured motorist carriers as defendants, and the remaining defendants filed an exception timely raising the objection os improper venue instead of answering the second supplemental and amending petition. The appellant court held that the remaining defendants did not waive their right to raise an objection of improper venue by answering the first petition because at that time venue was proper.
In the present case, Avondale Industries, Inc. did not waive its exception to proper venue by filing an answer to the original petition or first amended petition because Robert E. Lee, Inc. was named as a defendant and therefore venue was proper in Orleans Parish.
In his second amending petition for damages filed on September 3, 1991, the plaintiff, Leroy Durio, Sr. eliminated Robert E. Lee, Inc. as a defendant, and dropped from the lawsuit. Further, in his prayer, the plaintiff asked for judgment against the defendants, Avondale Industries, Inc., and Waterman Steamship Corporation. Robert E. Lee, Inc. was not a defendant, and the plaintiff was precluded from asserting a claim against Robert E. Lee, Inc. It was incumbent upon Avondale to file an exception of venue at this time. Instead, Avondale answered the second amending petition on September 27, 1991, thereby making a general appearance and waiving its exception to improper venue.
Accordingly, we vacate our previous opinion dated August 2, 2000. On rehearing, we reinstate the trial court's ruling that venue is proper in Orleans Parish.
NOTES
[1] Among other defendants, plaintiff named as defendants Acadian Ambulance Service, Inc., the owner of the ambulance, the driver of the ambulance, and the insurer of the Acadian, collectively as "the Acadian defendants."