447 So.2d 8 (1984)
Alberta WILLIAMS
v.
WINN DIXIE, XYZ Guard Service, and ABC Insurance Company.
No. CA-1133.
Court of Appeal of Louisiana, Fourth Circuit.
February 17, 1984.
*9 Reginald T. Badeaux, III, Student Practitioner, John B. Fox, Supervising Atty., New Orleans Legal Assistance Corporation, New Orleans, for plaintiff.
Dan R. Dorsey, Terry M. Boudreaux, River Ridge, for defendants.
Before REDMANN, BARRY and WILLIAMS, JJ.
BARRY, Judge.
Alberta Williams sued Winn Dixie La., Inc. for damages due to an alleged unlawful detention by defendant's security agents. Defendant filed a general denial, then an exception of res judicata based on a "release" plaintiff signed. The trial court sustained the exception and plaintiff now argues the release was invalid because she received no consideration, did not understand the document, and signed under duress.
On April 18, 1981 plaintiff shopped at Winn Dixie and was in the checkout line when she was stopped by a security guard. She was escorted to the rear of the store and detained by the officer and store manager for two-three hours.
Defendant introduced its release form which provides:
I voluntarily state and admit that I have today taken
the items listed below from the premises of Winn
Dixie Supermarket No. 1437, located at 2841 S.
Claiborne, City of New Orleans, County of _____,
State of La.
ITEM RETAIL PRICE ITEM
Superbrand 2.48 One
Cheese
I voluntarily sign this statement, of my own free will
and without force, threats or promises. I understand
that I release the above mentioned store or Company
and all its agencies and representatives, individually
and personally, from all types of civil liability.
Plaintiff, along with two witnesses, signed the document. Defendant also introduced a page from plaintiff's deposition *10 in which she admitted signing the release. Plaintiff did not testify, but submitted a memorandum and an affidavit declaring:
That she did not understand the contents nor the implication of the release that she signed with Winn-Dixie of Louisiana.
That she was under great duress and suffered from high blood pressure when she was detained by Winn-Dixie personnel on April 18, 1981 and perceived signing the release as the only way to gain her freedom.
No representative of Winn Dixie testified at the hearing. After oral argument the trial court dismissed plaintiff's suit without assigning reasons.
Plaintiff argues that the release must be supported by valid consideration in order to be res judicata. She correctly points out that a mere "unilateral `release,' whereby without any shown or proven consideration one party receives nothing in exchange for the release of his claim, does not meet the legal requirements of a valid compromise which is res judicata between the parties." Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir.1967). We agree the release must comply with C.C. Art. 3071 regarding compromise agreements. Bielkiewicz, supra.
At the time plaintiff signed the release, Art. 3071 provided:[1]
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

This contract must be reduced into writing. (Emphasis ours).
Defendant's release does not purport to be a bilateral contract reflecting mutual concessions or compromises. Plaintiff agreed to release Winn Dixie "from all types of civil liability," but there was no specified consideration. Indeed, the form negated any consideration by providing "I voluntarily sign this statement, of my own free will and without force, threats or promises...."
In Bielkiewicz, supra at 191, a similar "unilateral release" was held insufficient to bar plaintiff's lawsuit. The court held:
In the present case, however, the instrument relied uponthe Department of Public Safety (DPS) release form cannot be considered to be a written compromise entitled to the binding force of the thing adjudged. A unilateral "release", whereby without any shown consideration one party receives nothing in exchange for the release of his claim, simply does not meet the legal requirements of a valid compromise which is res judicata between the parties (see Haley v. Badon, La.App. 4 Cir., 98 So.2d 109):
A compromise is defined in LSA-C.C. Art. 3071 as an agreement by which the parties adjust their differences to prevent or to put an end to a law suit. Collier v. Administrator, Succession of Blevins, La.App., 4 Cir., 136 So.2d 774. A compromise is a bilateral contract. "When one party has all to gain and nothing to lose, no compromise results." Comment, Compromise in Louisiana, 24 Tul.L.Rev. 282, at 285 (1940). Green v. National Life & Acc. Ins. Co., La.App. Orl.Cir., 183 So. 604.
Winn Dixie contends it relinquished its right to prosecute plaintiff for shoplifting in exchange for her releasing it from civil liability. If there was such a promise or whether it would constitute valid consideration to support a compromise is a fact question involving the existence of probable cause to detain or arrest plaintiff. We cannot reach that question because there is no written evidence of such an undertaking by defendant as mandated by Art. 3071. In Senegal v. Delahoussaye, 311 So.2d 58, 60-61 (La.App. 3d Cir.1975), the court held:
The above article [3071] requires that every transaction or compromise be in *11 writing. See Charbonnet v. Ochsner, 258 La. 507, 246 So.2d 844 (1971); Lytle v. Commercial Insurance Company of Newark, N.J., 285 So.2d 289 (La.App. 3rd Cir.1973); Stablier v. Partin, 278 So.2d 537 (La.App. 1st Cir.1973). Our jurisprudence is established that a writing evidencing a compromise must be complete in itself, that it must show the intention of the parties to compromise their differences, and that it must be independent of parol testimony to establish its meaning. A writing will not be considered to be a transaction or compromise if the court must receive parol evidence in order to reach that conclusion. Trask v. Lewis, 258 So.2d 603 (La.App. 1st Cir.1972); Bugg v. State Farm Mutual Automobile Insurance Company, 295 So.2d 194 (La.App. 4th Cir.1974).
Our Supreme Court in Bourgeois v. Franklin, 389 So.2d 358, 359 (La.1980) held:
While the statute itself does not provide for the consequences of failure to reduce a compromise agreement to writing, this Court has previously held that a compromise which is not reduced to writing is unenforceable. Jasmin v. Gafney, Inc., 357 So.2d 539 (La.1978).
Even under the amended version of Art. 3071, which allows proof of a compromise by verbal testimony "in open court," defendant's plea of res judicata could not be sustained. Neither plaintiff nor any representative of Winn Dixie or its security agents testified on the exception. There is no documentation of any consideration or agreement by Winn Dixie in exchange for plaintiff signing the release.
We must therefore conclude that defendant failed to discharge its burden of proving compromise. Whether plaintiff understood the release or was under duress at the time is a question of fact.
The judgment of the district court is reversed, the exception of res judicata is overruled, and we remand for further proceedings. Costs to be paid by defendant.
REVERSED; REMANDED.
REDMANN, C.J., concurs.
REDMANN, Chief Judge, concurring.
The law makes invalid any contract to which consent is obtained by threats of violence "such as would naturally operate on a person of ordinary firmness, and inspire a just fear of great injury to ... reputation ...," La.C.C. 1851, unless "the violence used be only a legal constraint, or the threats only of doing that which the party using them had a right to do ...," C.C. 1856. Thus if a contract is signed during detention and to avoid arrest and prosecution for shoplifting and purports to release the merchant from civil liability to the customer, that contract is only valid when the detention and threats of arrest and prosecution are within the rights of the merchant (in which case the merchant would not actually be civilly liable anyway). But such a contract is invalid, for lack of legal consent by the customer, if the merchant's actions and threats were not within his rights. "An arrest without cause of action ..., or threats of such a proceeding ..., invalidate a contract made under their pressure," C.C. 1857.
A merchant can therefore never obtain a valid remission or compromise of actual civil liability to a customer for shoplifting detention etc. while detention or threats continue.
Defendant's "release" will not permit defendant to escape trial on the merits unless, at trial of the exception (or by other device such as motion for summary judgment), defendant establishes that it had the right to detain plaintiff and threaten her with arrest and prosecution for shoplifting. The record shows that, whether or not defendant had that right, defendant did not establish it at the hearing on the exception, and the exception should therefore have been overruled.
NOTES
[1] Art. 3071 was amended in 1981 to allow a compromise to be proven by oral testimony in open court, but that amendment was not effective until July, 1981, after the incident herein.