# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**03-527**

**TODD S. DARBONNE, HEIDI DARBONNE, SHANNON BOUDREAUX AND HORIZON HELICOPTER**

**VERSUS**

**ALLIED SIGNAL, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NUMBER 2000-5759
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLIE COLOMBARO WOODARD**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billie Colombaro Woodard, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

J. B. Jones, Jr.
Jones Law Firm
Post Office Drawer 1550
Cameron, Louisiana 70631
(337) 775-5714
Counsel for Plaintiffs/Appellees:
    Todd Shayne Darbonne
    Heidi Darbonne

Lawrence N. Curtis
Curtis & Lambert
Post Office Box 80247
Lafayette, Louisiana 70598-0247
(318) 235-1825
Counsel for Plaintiff/Appellee:
    Shannon Boudreaux

Kenneth H. Laborde
Leo R. McAloon, III
Pulaski, Gieger, & Laborde
Suite 4800, One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
(504) 561-0400
Counsel for Plaintiff/Appellee:
    Horizon Helicopter, Inc.

Howard Daigle, Jr.
James L. Bradford, III
Daigle & Fisse
109 Northpark Boulevard, Suite 125
Covington, Louisiana 70433
(985) 871-0800
Counsel for Defendant/Appellant:
    Honeywell International, Inc.

WOODARD, Judge.

Honeywell appeals an interlocutory judgment, denying its motion to transfer venue from the 14th JDC for Calcasieu Parish to the 19th JDC for East Baton Rouge Parish. We reverse the trial court's decision, remand the case, and order that it be transferred to the 19th JDC.

* * * * *

On June 15, 1998, a helicopter lost power while transporting Mr. Todd Darbonne and Mr. Shannon Boudreaux from an offshore oil platform in the Gulf of Mexico. The pilot successfully landed the helicopter on the water's surface, but when a float on one side of the helicopter deflated, it capsized. Mr. Paul Anderton, the helicopter's pilot, Mr. Darbonne, and Mr. Boudreaux deployed a raft and waited until the Coast Guard rescued them about four hours later. The helicopter, which Horizon Helicopters, Inc. (Horizon) owned, sank. Allied Signal, Inc., which is now Honeywell International, Inc. (Honeywell), manufactured and sold the power turbine governor and fuel control unit installed in the helicopter's engine.

Subsequently, Mr. and Mrs. Darbonne, Mr. Boudreaux, and Horizon filed suit against several Defendants. Mr. Darbonne and Mr. Boudreaux sought damages for personal injuries; Mrs. Darbonne brought a claim for her loss of consortium; and Horizon sought property damages for the loss of its helicopter.

Before filing this suit in state court, Mr. and Mrs. Darbonne and Mr. Boudreaux filed suit against Horizon and other defendants in federal court. That lawsuit, among other things, resulted in a settlement, via a Mary Carter Agreement between Mr. and Mrs. Darbonne and Mr. Boudreaux with Horizon. This settlement explains the reason that Horizon is now a Plaintiff along with Mr. and Mrs. Darbonne and Mr. Boudreaux.

This appeal arises from a dispute over the proper venue for the underlying causes of action. Initially, Plaintiffs filed a lawsuit against Honeywell, L&L Oil Co., Inc., and L&L Oil and Gas Services, L.L.C., in the 38th Judicial District Court (JDC) for Cameron Parish. Subsequently, they added Moffitt Oil Company, Inc. (Moffitt) as a Defendant. Honeywell excepted to venue in the 38th JDC. While its exception was pending, Plaintiffs voluntarily dismissed both L&L Oil entities, leaving only Honeywell and Moffitt as Defendants. The 38th JDC found that venue was improper

1

and sustained Honeywell's exception. It, then, transferred the case to the 14th JDC for Calcasieu Parish.

After the case was transferred to the 14th JDC, the Plaintiffs voluntarily dismissed Moffitt, leaving Honeywell as the sole Defendant. When Honeywell learned of the dismissal, it moved for a transfer of venue from the 14th JDC to the 19th JDC for East Baton Rouge Parish. The trial court denied Honeywell's motion and maintained that the 14th JDC was a proper venue for the case. Honeywell appeals.

Accordingly, we must decide if the 14th JDC was correct in determining that the case may be maintained in its court or whether the case must be transferred to the 19th JDC in East Baton Rouge Parish.

\* \* \* \* \*

**VENUE ARTICLES**

Venue refers to the proper parish in which to file an action. The Louisiana Code of Civil Procedure delineates the rules for determining the proper venue(s) in a particular case.[1] Louisiana Code of Civil Procedure Article 42 provides the general rules governing proper venue. In the case at bar, the relevant rule is in subsection (4), which states:

> A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its primary business office is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located.

The above article is subject to certain exceptions.[2] Two are relevant in the case at bar; namely, those in Articles 73 and 74. In an action to recover damages which an offense or quasi offense causes, Article 74 renders venue proper in the parish in which the wrongful conduct occurred or damages were sustained. Article 73 provides, in pertinent part: "An action against joint or solidary obligors may be brought in a parish

---

[1]La.Code Civ.P. art. 41.

[2]La.Code Civ.P. art. 43.

2

of proper venue, *under Article 42 only*, as to any obligor who is made a defendant . . . ." (Emphasis added.)

Under Article 42, the proper venue for Honeywell is the 19th JDC for East Baton Rouge Parish, and the proper venue for Moffitt (now dismissed) is the 14th JDC for Calcasieu Parish.

**PROCEEDINGS IN CAMERON PARISH—38TH JDC**

Initially, the Plaintiffs in this case filed suit in the 38th JDC against several Defendants, including Honeywell. Honeywell excepted to venue there. Before the court ruled on the exception, some of the Defendants were voluntarily dismissed. In fact, when the 38th JDC ruled on Honeywell's exception of improper venue, Honeywell and Moffitt were the only remaining Defendants. Plaintiffs argued that, under Article 74, the 38th JDC was a proper venue for, both, Moffitt and Honeywell, as joint tortfeasors. However, Article 73 allows venue against a joint or solidary obligor *only* when venue is proper for one of the obligors under the general rule of Article 42. Because the 38th JDC was a proper venue for Moffitt under an exception, rather than the general rule of Article 42, Article 73 did not apply to make it a proper venue for Honeywell.

Accordingly, the 38th JDC granted Honeywell's exception and dismissed the case. Subsequently, the Plaintiffs moved for the trial court to clarify or reconsider its judgment, urging it to transfer the case to the 14th JDC for Calcasieu Parish, rather than dismissing it. Since the 14th JDC was a proper venue for Moffitt under Article 42, Article 73 applied to Honeywell, making venue in the 14th JDC proper because Honeywell was allegedly a joint obligor with Moffitt. Thus, the 38th JDC amended its ruling dismissing the suit, and transferred the case to the 14th JDC for Calcasieu Parish.

**PROCEEDINGS IN CALCASIEU PARISH—14TH JDC**

When the case was transferred to the 14th JDC, the two Defendants were Moffitt and Honeywell. However, the Plaintiffs voluntarily dismissed Moffitt from the case. When Honeywell learned that Moffitt had been dismissed, it moved the 14th JDC to

transfer venue to the 19th JDC, urging that the 14th JDC was no longer a proper venue for it.

The Plaintiffs argue that, since venue in the 14th JDC was an appropriate venue for Honeywell under Article 73 at the time the case was transferred, it remains a proper venue under section B of that article. Article 73(B) states:

> If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.

Specifically, Plaintiffs aver that this article was designed to prevent forum shopping, and continued venue in the 14th JDC is proper, absent a showing that they were forum shopping.

Honeywell argues that subsection B does not provide continuing venue because the action against Moffitt was neither "compromised prior to judgment" nor "dismissed after a trial on the merits."

However, our supreme court has recently given the venue provisions a more liberal construction, elevating the status of the alternate venue provisions.[3] This added flexibility enables the court to consider the contacts and relationship between the parties and the cause of action to the forum, advancing the ultimate goal of the venue statutes, which is to provide a convenient place for trial.[4] Accordingly, we no longer have to give such a strict construction to the alternate provisions.[5]

Thus, we cannot agree with Honeywell's strict construction of Article 73(B). Instead, we find that the legislature intended for "compromise" to encompass more than a claim that is disposed of via a compromise agreement under La.Code Civ.P. art. 3071. That article defines compromise as "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them

---

[3]*Jordan v. Cent. La. Elec. Co.*, 95-1270 (La. 6/23/95); 656 So.2d 988.

[4]*Id.*

[5]*Rachal v. Ford Motor Co.*, 96-160 (La.App. 3 Cir. 6/5/96), 676 So.2d 671, *writ denied*, 96-2271 (La. 11/15/96), 682 So.2d 773.

4

prefers to the hope of gaining, balanced by the danger of losing."[6] The joint petition for voluntary dismissal, which required an agreement between the Plaintiffs and Moffitt in the instant case, satisfies this definition, even though the procedural vehicle was a voluntary dismissal rather than a transaction or compromise agreement. Therefore, under this analysis, the 14th JDC remains a proper venue in the instant case unless the Plaintiffs joined Moffitt as a Defendant for the sole purpose of establishing venue regarding Honeywell in the 14th JDC. In other words, if Plaintiffs used Moffitt's joinder as a method of forum shopping, Honeywell should not be required to remain in the 14th JDC.[7]

Notwithstanding, the trial court found that venue was still proper in the 14th JDC for two reasons: (1) the Plaintiffs were not forum shopping when the case was transferred to the 14th JDC, and (2) Honeywell waived its objection to venue. We examine each of these determinations.

FORUM SHOPPING

We agree with the trial court that the legislative intent behind Article 73(B) was to prevent plaintiffs from forum shopping. However, we disagree with its factual conclusion that the Plaintiffs were not forum shopping. Specifically, Moffitt's relationship to the helicopter in question was that Moffitt provided the fuel which the aircraft was using at the time of the accident. However, Honeywell introduced evidence in the record that, during the previous proceedings in federal court, Plaintiff Horizon argued that the aircraft's fuel was not contaminated, supporting its argument with the pilot's testimony that he checked the fuel before the flight and that the fuel filter light on the instrument panel never lit up. Further, Horizon offered the testimony of Mr. William Hutchison, a pilot who had tested the fuel after the accident, who found that the fuel was not diluted or contaminated. Furthermore, Horizon submitted expert testimony that "<u>fuel contamination must be disregarded as a possible cause of the engine failure</u>." (Emphasis added.) Notwithstanding, in the instant case, Plaintiffs sued Moffitt, the provider of the fuel.

---

[6]La.Code Civ.P. art. 3071.

[7]La.Code Civ.P. art. 73(B).

Honeywell, also submitted in evidence a facsimile from Moffitt's counsel to Plaintiffs' counsel, which stated, in pertinent part:

> It is pretty clear from a review of the case that you have no evidence that contaminated fuel was a cause of the accident. In fact, you represented this very fact to the Federal Court in the previous federal litigation in your Memorandum in Opposition to Motion to Remand. Naturally, we will be propounding additional discovery to you to get a copy of all of the Affidavits you referenced in the Memorandum, including the one by the Horizon Helicopters pilot, Mr. William Hutchison, that he tested fuel samples in the tanks post-accident and found no contaminates, as well as the Affidavit from your expert, Mr. Armond Edwards, that fuel contamination must be disregarded as a possible cause of the engine failure. We are curious as to what investigations you conducted since the filing of the memorandum that prompted you to file this lawsuit against Moffitt Oil. As soon as you respond to the outstanding discovery we plan on filing a Motion for Summary Judgment with our key exhibit being your Memorandum.

Thus, as Honeywell pointed out to the trial court, the evidence from the federal court proceedings reveals that Plaintiffs should have known that they did not have a viable claim against Moffitt *before* they urged a transfer to Calcasieu Parish and, in fact, before they initially filed suit. However, Moffitt was the only Defendant that provided a basis for venue in the 38th JDC, where they wanted to try the case. Moffitt was also the only party who gave the Plaintiffs a basis for requesting a transfer to the 14th JDC when the 38th JDC found venue improper. Without Moffitt, the 38th JDC would have transferred the case to the 19th JDC. Thus, in both instances—in the initial filing of suit as well as the requested transfer—it appears that the Plaintiffs were using Moffitt as a vehicle to forum shop.

Accordingly, the exception to continuing venue under Article 73 applies. Thus, venue became improper when Moffitt was voluntarily dismissed; Honeywell's motion should have been granted unless it waived its objection to venue.

**WAIVER**

The trial court found three particular actions constituting Honeywell's waiver to any objection it had to venue in the 14th JDC; namely, (1) because it failed to file an objection to the transfer, (2) because it filed a summary judgment motion in the 14th JDC, and (3) because it continued to engage in discovery while the case was

6

pending in the 14th JDC. We examine each of these actions to determine whether any constituted a waiver.

*Failure to Object to the Transfer of Venue to the 14th JDC*

The trial court found that since Honeywell did not object to the case being transferred from the 38th JDC to the 14th JDC at the time of transfer, it waived its objection. However, as Honeywell points out, the basis for its objection to venue in the 14th JDC did not arise until the Plaintiffs voluntarily dismissed Moffitt from the case. At the time of transfer to the 14th JDC, Moffitt was a Defendant; therefore, the 14th JDC was an appropriate venue. Thus, at that time, Honeywell had no valid basis on which to object to venue.

*Filing a Summary Judgment Motion in the 14th JDC*

Likewise, when Honeywell filed its motion for summary judgment, Moffitt was still a Defendant; therefore, Honeywell had no valid basis to object to venue in the 14th JDC. The 14th JDC dismissed Moffitt from the case on April 29, 2002, providing Honeywell with a basis for objecting to venue.[8] Thus, only actions Honeywell took after this date are relevant to determining whether it waived its objection to venue.[9]

*Engaging in Discovery While Suit Was Pending in the 14th JDC*

After Moffitt was dismissed from the case, Honeywell responded to certain discovery requests with a written stipulation sent to all counsel. Plaintiffs contend that, in doing so, Honeywell waived its objection to venue, even though the stipulation was not filed in the record at that time. However, Honeywell filed this motion to transfer venue on October 4, 2002. It conveyed the stipulation to counsel on October 22, 2002, while the motion was pending.

---

[8]*See Durio v. Robert E. Lee, Inc.,* 00-1314 (La.App. 4 Cir. 9/15/00), 774 So.2d 181, *writ denied*, 00-2839 (La. 12/8/00), 776 So.2d 462.

[9]*See Id. See also Cheramie v. Acadian Ambulance Serv., Inc.,* 95-38 (La.App. 1 Cir. 10/6/95), 671 So.2d 489.

7

Our supreme court has found that conducting discovery, even when it is filed in the record (which was not done here), does not waive an objection to venue if the exception is *pending* at the time. It reasoned:

> There is a useful purpose (judicial efficiency) in the requirement that all declinatory and dilatory exceptions be filed *prior* to answer or general appearance, but there is no useful purpose in judicially extending this requirement to constitute a waiver when the general appearance is made *after* the declinatory exception has been filed. Our conclusion that the *subsequent* general appearance, before trial of the exception, does not constitute a waiver of the pending exception is consistent with the intermediate court's conclusion (with which we agree) that the *subsequent* (or simultaneous) filing of an answer, before trial of the exception, does not waive the pending exception.[10]

Likewise, we find that this same reasoning applies in the instant case in which the motion to transfer venue was pending at the time of Honeywell's actions. Accordingly, we find that Honeywell did not waive its objection to venue in the 14th JDC, and the trial court should have granted its motion to transfer the case to the 19th JDC for East Baton Rouge Parish.

**CONCLUSION**

We reverse the trial court's ruling, which found that the 14th JDC remains a proper venue in the instant case, remand to the 14th JDC, and order transfer of the case to the 19th JDC. We cast all costs of this appeal on the Plaintiffs/Appellees.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

---

[10] *Bickham v. Sub Sea Int'l Inc.,* 617 So.2d 483, 484 (La.1993).