| | | |
|---|---|---|
| **BRENT DEAVILLE** | * | **NO. 2021-C-0240** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **EXXON MOBIL** | * | |
| **CORPORATION, ET AL** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-00881, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*

(Court composed of Judge Paula A. Brown, Judge Tiffany G. Chase, Judge Dale N. Atkins)

Lindsey A. Cheek
Jeanne S. Arceneaux
THE CHEEK LAW FIRM LLC
650 Poydras Street, Suite 2310
New Orleans, LA 70130

Melissa Schopfer, *pro hac vice*
Jean-Michel Lecointre, *pro hac vice*
Michael K. Hibey, *pro hac vice*
SIMMONS HANLY CONROY, LLC
One Court Street
Alton, IL 62002

Jay Stuemke, *pro hac vice*
STUEMKE LAW FIRM PLLC
PO Box 92970
Southlake, TX 76092

     COUNSEL FOR PLAINTIFF/RESPONDENT

James M. Williams
Inemesit U. O'Boyle
Daniel E. Buras, Jr.
Patrick R. Follette
Jonathan E. Ley
Erin B. Rigsby
CHEHARDY SHERMAN WILLIAMS
One Galleria Boulevard
Suite 1100
Metairie, LA 70001

David M. Bienvenu, Jr.
John Allain Viator
Melissa Jade Shaffer
Thomas C. Naquin
Samantha M. Kennedy
BIENVENU BONNECAZE FOCO & VIATOR, LLC
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809

 COUNSEL FOR DEFENDANT/RELATOR

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED; STAY LIFTED; REMANDED**
**MAY 3, 2021**

This is a mesothelioma case. Relator, Exxon Mobil Corporation ("Exxon") seeks expedited supervisory review of the trial court's April 28, 2021 judgment denying Exxon's Motion to Transfer, Declinatory Exception of Venue, and Renewal of Declinatory Exception of Improper Venue Pursuant to Louisiana Code of Civil Procedure Article 73(B). For the following reasons, we grant Exxon's writ application, reverse the trial court's judgment, and render judgment granting Exxon's declinatory exception of improper venue. Further, we lift the stay issued by this Court in this matter on April 28, 2021, and remand this matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 2020, Respondent, Brent Deaville, filed a Petition for Damages in Orleans Parish Civil District Court asserting claims for negligence and strict liability caused by an alleged occupational exposure to asbestos that ultimately led to the development of Mr. Deaville's malignant mesothelioma. Mr. Deaville named twenty defendants in his original Petition for Damages, First Supplemental and Amending Petition for Damages, and Second Supplemental and Amending Petition for Damages. Of those defendants, two—Eagle, Inc. and

1

Taylor-Seidenbach—were corporations domiciled in Orleans Parish. On April 13, 2020, Exxon filed a declinatory exception of improper venue along with an answer to the Petition for Damages, but Exxon did not request that a hearing on the declinatory exception of improper venue be set at that time.

On September 1, 2020, Mr. Deaville filed a Motion for Partial Dismissal, dismissing his claims against Eagle, Inc. without prejudice. The trial court granted Mr. Deaville's motion and dismissed all of Mr. Deaville's claims against Eagle, Inc. without prejudice on September 3, 2020. Following Eagle, Inc.'s dismissal, Exxon moved to set its declinatory exception of improper venue for contradictory hearing, alleging that Mr. Deaville improperly named Eagle, Inc. and Taylor-Seidenbach as defendants for the sole purpose of establishing venue in Orleans Parish. Exxon requested that this matter be transferred to East Baton Rouge Parish, where Exxon alleged venue was proper.

On October 8, 2020, the trial court held a hearing on Exxon's declinatory exception of improper venue, but struck it *sua sponte* for failure to comply with La. Dist. Court Rules, Rule 9.8.[1] From the trial court's judgment striking the exception for failure to comply with La. Dist. Court Rules, Rule 9.8, Exxon sought expedited supervisory review, which this Court denied on November 2, 2020. *See Brent Deaville v. Anco-Insulations, Inc., et al.*, 2020-C-0557.

Thereafter, this matter was set for jury trial on April 26, 2021. On April 25, 2021, the night before trial was scheduled to commence, at approximately 11:59

---

[1] La. Dist. Court Rules, Rule 9.8(a) provides:

> All exceptions and motions, including those incorporated into an answer, shall be accompanied by a proposed order requesting that the exception or motion be set for hearing. If the exceptor or mover fails to comply with this requirement, the court may strike the exception or motion, may set the matter for hearing on its own motion, or take other action as the court deems appropriate.

p.m., Mr. Deaville's counsel emailed the trial court and Exxon's counsel a Motion for Partial Dismissal that moved the trial court to dismiss the claims against Taylor-Seidenbach, the only remaining defendant with a registered office in Orleans Parish. The trial court granted and signed the Motion for Partial Dismissal on April 26, 2021.

The parties appeared before the trial court as scheduled on April 26, 2021 to confect trial stipulations and to create a juror questionnaire for all of the prospective jurors to complete. Prior to addressing the juror questionnaire, counsel for Exxon referenced the Motion for Partial Dismissal that was emailed by Mr. Deaville's counsel the night before. Exxon's counsel asked Mr. Deaville's counsel to clarify whether Taylor-Seidenbach's dismissal was voluntary or the result of a settlement. The following exchange occurred:

> Mr. Bienvenu: Your Honor, can we get a formal statement from the Plaintiff as to the status of Taylor-Seidenbach that was a defendant in the case at least of Friday?
>
> Ms. Cheek: We sent out an email yesterday with a letter attached to all counsel and to the court notifying them of a resolution with Taylor-Seidenbach.
>
> Mr. Bienvenu: A resolution, because all we got is a dismissal without prejudice.
>
> THE COURT: Okay. Anything further from counsel for the Plaintiff's [sic]? So they are not present, but there's a dismissal of Taylor-Seidenbach, so they're not going to proceed to trial.
>
> Mr. Bienvenu: My only question is we received a dismissal without prejudice. Is that what the Plaintiffs are filing and seeking The Court to enter?
>
> Ms. Cheek: Yes, it is.

Later, counsel for Mr. Deaville confirmed that "not all of [the] entities [involved] are settled. Some of them were just dismissed without settlement."

3

When counsel for Exxon asked for plaintiff to declare on the record which parties Mr. Deaville settled with and which parties were simply dismissed without prejudice, counsel for Mr. Deaville did not specify that it had settled with Taylor-Seidenbach. Prior to adjourning for the day on April 26, 2021, Exxon noted that, based on the trial court's judgment dismissing Taylor-Seidenbach without prejudice, it had filed a declinatory exception of improper venue, a renewal of its first declinatory exception of improper venue that was filed after Eagle Inc.'s dismissal, and a motion to transfer venue.

On April 28, 2021, the parties appeared via Zoom video conferencing for a hearing on Exxon's declinatory exception of improper venue, its renewal of its previous declinatory exception of improper venue, and its motion to transfer venue. During the hearing, Exxon noted that Mr. Deaville's Petition for Damages indicates that the case does not involve any Orleans Parish parties nor does it allege that any injury occurred in Orleans Parish, as Mr. Deaville alleged in his Petition for Damages that he is a lifelong resident of East Baton Rouge Parish, where he was allegedly exposed to asbestos. Exxon stated that it is an East Baton Rouge resident for venue purposes, and that the other remaining defendant at the time of trial—Ferguson—is a St. Tammany Parish resident for venue purposes. Exxon also maintained that Taylor-Seidenbach's voluntary dismissal from this matter, like Eagle, Inc.'s voluntary dismissal earlier, did not indicate that any settlement or compromise was reached.

Exxon also maintained that the timing of the dismissal—at almost midnight the night before trial was to begin—bolstered Exxon's position that Taylor-Seidenbach and Eagle, Inc. were only made defendants in this case to establish venue in Orleans Parish. Mr. Deaville countered that there was a compromise

4

reached with Taylor-Seidenbach, arguing that both parties mutually agreed to waive payment of court costs. Exxon responded that the waiver of court costs did not amount to a settlement with Taylor-Seidenbach because there was no benefit or concession made by Mr. Deaville or Taylor-Seidenbach.

The trial court rendered judgment on April 28, 2021, denying Exxon's motion to transfer venue and overruling Exxon's declinatory exception of improper venue and Exxon's renewed declinatory exception of improper venue. In its reasons for judgment, the trial court found that Mr. Deaville's claims against Taylor-Seidenbach were compromised by an agreement to dismiss Taylor-Seidenbach in exchange for a waiver of costs. The trial court found that, because Taylor-Seidenbach was dismissed as a result of a compromise, venue remained proper in Orleans Parish—even though no Orleans Parish defendant remained for trial—pursuant to the venue exception delineated in La. C.C.P. art. 73(B).

Exxon noticed its intent to seek supervisory review of the trial court's April 28, 2021 judgment the same day it was rendered. The trial court set the return date for the writ application for 4 p.m. on April 28, 2021. Exxon's timely writ application and request for stay followed. Upon receipt of Exxon's writ application on April 28, 2021, this Court granted Exxon's request for a stay.

**STANDARD OF REVIEW**

Venue is a question of law; thus, exceptions of improper venue are reviewed using the *de novo* standard of review. *Bruno v. CDC Auto Transp., Inc.*, 2019-1065, p. 7 (La. App. 4 Cir. 6/3/20), 302 So.3d 8, 12, *writ denied*, 2020-00836 (La. 10/14/20), 302 So.3d 1118 (citing *Matthews v. United Fire & Casualty Ins. Co. Doctor Pipe, Inc.*, 2016-0389, p. 3 (La. App. 4 Cir. 3/8/17), 213 So.3d 502, 505). "When reviewing questions of law, an appellate court affords 'no special weight to

5

the findings of the district court, but exercises its constitutional duty to review questions of law and renders judgment on the record.'" *Burds v. Skidmore*, 2019-0263, p. 3 (La. App. 4 Cir. 3/22/19), 267 So.3d 192, 194 (quoting *Winston v. Millaud*, 2005-0338, p. 5 (La. App. 4 Cir. 4/12/06), 930 So.2d 144, 150). Therefore, "appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect." *Millaud*, 2005-0338, p. 5, 830 So.2d at 150.

## DISCUSSION

The dispositive[2] issue in this writ application is whether the trial court erred in denying Exxon's declinatory exception of improper venue and its motion to transfer this case to another venue, that is, whether venue continues to be proper in Orleans Parish after the last Orleans Parish defendant is dismissed.

"Choice of venue is a gateway consideration that is separate from the merits of the case and addresses only the initial inquiry of where to litigate. Absent allegations of bias or the operation of forum *non conveniens*, courts are presumed to administer equal justice wherever they are located." *Land v. Vidrine*, 2010-1342, p. 7 (La. 3/15/11), 62 So.3d 36, 40-41. Accordingly, "venue is an early determination that governs a trial's location, not its result." *Id.*, 2010-1342, p. 8, 62 So.3d at 41.

An exception of improper venue is raised by declinatory exception, which is "waived unless pleaded therein." La. C.C.P. art. 925. Additionally, La. C.C.P. art 928 mandates that declinatory exceptions must be raised "prior to or in the answer and, prior to or along with the filing of any pleading seeking relief . . . . "

---

[2] Because we find that our reversal of the trial court's judgment on Exxon's April 26, 2021 declinatory exception of improper venue to be dispositive, we do not address the trial court's judgment overruling Exxon's renewal of its previous declinatory exception of improper venue.

6

The general rules of venue are set forth in La. C.C.P. art. 42, which provides, in pertinent part, that "an action against . . . [a] domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located." Nevertheless, La. C.C.P. art. 73 provides an exception to the general rules:

> A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
>
> B. If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.

Despite the time in which declinatory exceptions must be raised pursuant to La. C.C.P. art. 928, we have previously held that "[a] nonresident defendant may except to venue once the last resident defendant is dismissed [from] the suit prior to trial." *Durio v. Robert E. Lee, Inc.*, 2000-1314, p. 2 (La. App. 4 Cir. 8/2/00), 774 So.2d 181, 182 (citing *Cheramie v. Acadian Ambulance Service, Inc.*, 1995-0038 (La. App. 1 Cir. 10/6/95), 671 So.2d 489).

Exxon maintains that venue can only remain proper in Orleans Parish if the Orleans Parish defendants, Taylor-Seidenbach and Eagle, Inc., were dismissed from this case pursuant to a compromise or settlement prior to judgment on the merits or were dismissed after trial on the merits. Exxon argues that neither defendant was dismissed pursuant to a compromise or settlement, which renders venue improper in Orleans Parish. Exxon also argues that, even if they were

7

dismissed pursuant to a settlement, Taylor-Seidenbach and Eagle, Inc. were only named as defendants in this action so that Mr. Deaville could gain proper venue in Orleans Parish.

Mr. Deaville responds that La. C.C.P. art. 73(B) does not limit the term "compromise" to a money settlement. Thus, Mr. Deaville argues, the agreement he reached with Taylor-Seidenbach to waive payment of court costs amounts to a "compromise." Mr. Deaville maintains that the procedural vehicle—a motion for dismissal without prejudice—by which he chose to communicate the compromise he reached with Taylor-Seidenbach is not relevant.

In beginning our *de novo* review of the trial court's judgment, we must first determine if Eagle, Inc. or Taylor-Seidenbach were released by a settlement or compromise or dismissed after trial on the merits, such that venue can remain proper in Orleans Parish under La. C.C.P. art. 73(B). There is no dispute that neither defendant was dismissed after trial on the merits. Thus, we consider whether, as Mr. Deaville contends, Eagle, Inc. and Taylor-Seidenbach were dismissed pursuant to a compromise such that venue could remain proper in Orleans Parish.

"A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. C.C. art. 3071. "A release executed in exchange for consideration is a compromise." *Carrie v. La. Farm Bureau Cas. Ins. Co.*, 2004-1001, p. 3 (La. App. 4 Cir. 2/16/05), 900 So.2d 841, 843 (internal citation omitted).

Importantly, "[a] mere unilateral release whereby without any shown or proven consideration one party receives nothing in exchange for the release of his claim, does not meet the legal requirements of a valid compromise…." *Williams v.*

8

*Winn Dixie*, 447 So.2d 8, __ (La. App. 4 Cir. 1984) (quoting *Bielkiewicz v. Rudisill*, 201 So.2d 136 (La. App. 3 Cir. 1967) (internal quotations omitted).

We find that the claims against Eagle, Inc. and Taylor-Seidenbach were not compromised here. First, we note that both defendants were dismissed from this matter without prejudice unilaterally by Mr. Deaville. The motions to dismiss both Eagle, Inc. and Taylor-Seidenbach are virtually identical here, providing that each defendant was dismissed without prejudice and that each party (along with Mr. Deaville) was to bear their own costs.

La. C.C.P. art. 1673 provides that "[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial" while "[a] judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." Because Eagle, Inc. and Taylor-Seidenbach were dismissed without prejudice, Mr. Deaville could still theoretically pursue his claims against them in another, later-filed lawsuit, which supports the conclusion that Mr. Deaville's claims against them were not settled and compromised with the effect of a final judgment.

This Court faced a similar issue in *Durio* where the plaintiff filed a motion and order to dismiss the last Orleans Parish defendant without prejudice with reservation of rights. Though we ultimately found that the defendant who excepted to venue after the last Orleans Parish defendant had been dismissed waived their right to file its declinatory exception of venue, this Court found that the motion to dismiss without prejudice did not amount to a compromise between the plaintiff and Orleans Parish defendant that would allow venue to continue to be proper in Orleans Parish. *Id.*, 2000-1314, p. 2, 774 So.2d at 182.

9

Second, we note that, in looking at the record, there is no evidence that Eagle, Inc. or Taylor-Seidenbach reached a settlement with Mr. Deaville that resulted in their dismissal. The record shows that Mr. Deaville reached settlements with other defendants he originally named in his Petition for Damages that were reduced to writing, with the terms of the settlements stated therein. No similar settlement documents concerning Eagle, Inc. or Taylor-Seidenbach exists in the record before this Court. Additionally, we note that, when given the opportunity to state for the record which defendants Mr. Deaville settled with, including Eagle, Inc. and Taylor-Seidenbach, counsel for Mr. Deaville merely maintained that Eagle, Inc. and Taylor-Seidenbach's dismissals were "dismissals without prejudice."

The only record of any possible compromise Mr. Deaville had with Taylor-Seidenbach or Eagle, Inc. regarding court costs comes from the motions to dismiss themselves, which Mr. Deaville argued before the trial court was an agreement to "waive court costs." Mr. Deaville contends that, despite the unilateral dismissal without prejudice, this Court should still find that this agreement amounted to a compromise between Mr. Deaville and each defendant. In support of this argument, Mr. Deaville cites *Darbonne v. Allied Signal, Inc.*, 2003-0527 (La. App. 3 Cir. 11/12/03), 865 So.2d 772.

In *Darbonne*, the plaintiff filed a joint petition for voluntary dismissal of a defendant in the case and the remaining defendant excepted to the venue and moved to transfer the matter, arguing that venue was no longer proper in the venue where the case was pending because the claims against the dismissed defendant were not, pursuant to La. C.C.P. art. 73(B), "compromised prior to judgment" or "dismissed after a trial on the merits." *Id.*, 2003-0527, p. 4, 865 So.2d at 776. The

10

Third Circuit found that venue provisions should be given a more liberal construction and that "the legislature intended for 'compromise' [under La. C.C.P. art. 73] to encompass more than a claim that is disposed of via a compromise agreement under La. Civil Code art. 3071." *Id.* Thus, the Third Circuit noted, the filing of a joint petition for voluntary dismissal required an agreement between the plaintiff and the dismissed defendant, which satisfied the liberal definition of compromise under La. C.C.P. art. 73(B). *Id.*, 2003-0527, p. 5, 865 So.2d at 776.

We find *Darbonne* to be inapposite here. The motions to dismiss filed here were not joint petitions to dismiss between Mr. Deaville and Taylor-Seidenbach or Eagle, Inc. Rather, they were unilateral motions to dismiss which, unlike the joint motion to dismiss in *Darbonne*, do not evidence a compromise between Mr. Deaville and the dismissed defendants.

We likewise find that the alleged agreement for waiver of court costs contained in the motions to dismiss are inadequate to establish a compromise under La. C.C.P. art. 73(B). We note that the motion to dismiss provides only that each party is to bear their own costs, and does not include a waiver of any kind by either Mr. Deaville or the dismissed defendants.

"While the general rule is that the party cast in judgment should be assessed with court costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems equitable, even against the party prevailing on the merits." *Ballex v. Mun. Police Emps. Ret. Sys.*, 2016-0905, p. 20 (La. App. 1 Cir. 4/18/17), 218 So.3d 1076, 1088. Accordingly, it was always possible that the defendants, along with Mr. Deaville, would have been ordered to pay their own court costs, even if they prevailed at trial on the merits. Therefore,

11

we find that neither Mr. Deaville nor either defendant made concessions that resulted in the defendants' dismissal.

In its reasons for judgment, the trial court found that Mr. Deaville established that his claims against Taylor-Seidenbach were compromised by an agreement to dismiss Taylor-Seidenbach in exchange for a waiver of costs. Notably, "reasons for judgment only set forth the basis for the court's holding and are not binding." *Scott v. Am. Tobacco Co., Inc.*, 2015-1352, p. 11 (La. App. 4 Cir. 5/25/16), 195 So.3d 624, 630 (internal citations omitted). The motions to dismiss in this case do not provide for a waiver of costs; rather, they provide that each party is to pay their own costs. No compromise nor settlement is evident; thus, we find that the record does not support the trial court's finding that the parties' made concessions prior to the dismissal of the Orleans Parish defendants.

In finding that there were no compromises reached with Taylor-Seidenbach or Eagle, Inc.—the undisputed only Orleans Parish defendants in this matter—we find that the exception to the general venue rules laid out in La. C.C.P. art. 73(B) is inapplicable here and that venue is no longer proper in Orleans Parish. Accordingly, the trial court's judgment denying Exxon's April 26, 2021 declinatory exception of improper venue is reversed, and we render judgment granting Exxon's April 26, 2021 declinatory exception of improper venue.

Because we have found that venue is no longer proper in Orleans Parish due to lack of compromise, we pretermit discussion of whether Taylor-Seidenbach and Eagle, Inc. were named as defendants in this action solely for the purpose of establishing venue in Orleans Parish. We also pretermit discussion of the trial court's judgment overruling Exxon's renewed declinatory exception of improper

12

venue, as this judgment is rendered moot by our Opinion rendering judgment granting Exxon's April 26, 2021 declinatory exception of improper venue.

This matter is remanded to the trial court for further proceedings consistent with this Opinion.

## DECREE

For the foregoing reasons, we grant Exxon's writ application, reverse the trial court's judgment, and render judgment granting Exxon's declinatory exception of improper venue. Further, we lift the stay issued by this Court in this matter on April 28, 2021, and remand this matter for further proceedings consistent with this Opinion.

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED; STAY LIFTED; REMANDED**